IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                                                                        ORDER

                    Plaintiff,

                                                        3:06-cv-617-bbc

        v.

JANEL NICKEL; SEAN SALTER;
GREG GRAMS, Warden at CCI;
C/O JAMES; C/O T. BITTELMAN;
C/O NEUMAIER, Medical Doctor SULIENE;
ICE MARY LEISER; ICE BURT TAMMINGA;
RN. NANCY HAHNISCH; LT. LIPINSKI;
RN. SUE WARD; RN. LINDY MUCHOW;
2nd Shift SGT. FINK; RN. KIM CAMBELL;
MIKE VANDENBROOK; JANET WALSH; and
Psychiatrist DANA DIEDRICH,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order dated November 26, 2007, I informed plaintiff of the recent decision by the Court of Appeals for the Seventh Circuit in George v. Smith, ---F.3d ---, No. 07-1325 (7th Cir. Nov. 9, 2007), requiring that multiple claims against multiple defendants be brought in separate lawsuits. I separated plaintiff's claims into six individual lawsuits and gave him until December 4, 2007 to tell the court which lawsuits he intended to pursue.

1

The claims were separated into lawsuits as follows:

Lawsuit #1:

1) defendants Janet Walsh, the chief psychologist, Dana Diedrich, a psychiatrist, and Vandenbrook refused to treat plaintiff's mental health conditions;

2) defendant Suliene, a medical doctor, refused to treat plaintiff's hypertension and kidney cysts, did not examine plaintiff before or after she discontinued his prescription for Lisinopril to determine whether he would suffer an increased risk of heart attack or stroke, refused to send him to see his nephrologist for assessment and treatment of his kidney problems and refused to examine or treat him for his keratoconus and hernia; and

3) defendant nurses Sue Ward, Lindy Muchow and Campbell refused to monitor plaintiff's hypertension and altered plaintiff's medical records to show falsely that he refused treatment and received medical care.

4) defendants Suliene and Nickel refused to insure that plaintiff was receiving adequate nutrition when plaintiff was placed on bag lunch meals.

Lawsuit #2: Defendant Mark Vandenbrook ordered that plaintiff be placed naked in cells that were cold and did not have bedding and on one of these occasions had plaintiff strapped to a rubber mat, and that this defendant failed to give plaintiff a due process hearing either before or after placing him in observation or strap-down status.

Lawsuit #3: Defendants Salter, Tamminga and Grams refused plaintiff out-of-cell

2

exercise and defendant Salter subjected plaintiff to a stench of noxious odors so strong that plaintiff suffered physical illness.

<u>Lawsuit #4</u>: Defendants James and Lipinski allegedly used excessive force against plaintiff on November 28, 2005.

<u>Lawsuit #5</u>: Defendants Bittelman, Neumaier and Fink allegedly used excessive force against plaintiff on June 7, 2006.

<u>Lawsuit #6</u>: Defendant Leiser allegedly retaliated against plaintiff for exercising his right to file a lawsuit.

In response to the November 26 order, plaintiff has advised the court that he is willing to dismiss voluntarily claims I identified as Lawsuits #2, 4, 5 and 6. Therefore, as to defendants James, Lipinski, Bittelman, Neumaier, Fink and Leiser, plaintiff's complaint will be dismissed without prejudice. He states also that he wishes to prosecute Lawsuit #1 against defendants Walsh, Diedrich, Vandenbrook and Suliene and Lawsuit #3 against defendants Salter, Tamminga and Grams. The current case, 06-cv-617-bbc, will contain plaintiff's claims in Lawsuit #1 and Lawsuit #3 will be assigned a new case number by the clerk of court. The court's financial records should reflect that plaintiff is obligated to pay the $350 filing fee for his new case when the funds exist. Plaintiff presently has no means with which to pay an initial partial payment of the $350 filing fee, so I will not assess one at this time.

ORDER

IT IS ORDERED that

1. Plaintiff's action against defendants James, Lipinski, Bittelman, Neumaier, Fink and Leiser is DISMISSED without prejudice.

2. Plaintiff is allowed to proceed under the case number assigned to this case with his claims in Lawsuit #1 against defendants Walsh, Diedrich, Vandenbrook and Suliene.

3. The clerk of court is directed to open a new file for Lawsuit #3 and assign to it the next available case number. In this lawsuit, plaintiff may proceed on his claims against defendants Salter, Tamminga and Grams. The court's financial records should reflect that plaintiff is obligated to pay the $350 fee for filing this case when the funds exist.

4. All other proceedings in this action and in the action against defendants Salter, Tamminga and Grams are STAYED until counsel has been located who will accept appointment in this case. Plaintiff will be notified of the appointment promptly and a status conference will be scheduled so that the parties can discuss the best and shortest track for

moving this case to resolution.

Entered this 19th day of December, 2007.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge