IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                     Plaintiff,

   v.

JANEL NICKEL; SEAN SALTER;
GREG GRAMS, Warden at CCI;
Medical Doctor SULIENE;
ICE BURT TAMMINGA;
RN. NANCY HAHNISCH; RN. SUE WARD;
RN. LINDY MUCHOW;
RN. KIM CAMBELL;
MIKE VANDENBROOK; JANET WALSH; and
Psychiatrist DANA DIEDRICH,

                     Defendants.

ORDER

06-cv-617-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action brought under 42 U.S.C. § 1983, plaintiff Mark Marshall is pursuing claims that prison officials failed to provide him with adequate medical care while he was incarcerated at the Columbia Correctional Institution in Portage, Wisconsin. Plaintiff's original complaint included a host of unrelated claims against different defendants; I screened all of these claims on January 30, 2007. Several months later, pursuant to George v. Smith, 507 F.3d 605 (7th Cir. 2007), I instructed plaintiff to choose which set of claims he wished to pursue in this lawsuit. He chose to pursue his claims related to medical

1

care and I appointed counsel to assist him.

Now before the court is plaintiff's first amended complaint, which I construe to include a motion for leave to amend. With the assistance of counsel, plaintiff has presented his claims regarding his mental health care more clearly than he did originally and has abandoned claims related to inadequate nutrition and the lack of treatment of his heart, back, eye and kidney conditions. The crux of plaintiff's remaining allegations are the same as they were in his initial complaint: he maintains that he did not receive adequate mental health care while he was housed at the Columbia Correctional Institution. As discussed in greater length in the original screening order, dkt. #5, plaintiff's allegations state a claim under the Eighth Amendment.

In addition to restating his allegations more clearly, plaintiff's proposed amended complaint identifies five new defendants, all of whom he alleges were responsible for aspects of his mental health care, were aware of his need for treatment and refused to provide it. Specifically, plaintiff alleges that, at times relevant to his complaint: (1) Robert Humphreys and Marc Clements were deputy wardens at the Columbia Correctional Institution and were responsible for directing and implementing policies related to the provision of mental health care at the Institution; (2) Brett Reynolds was a psychiatrist responsible for treating plaintiff and failed to provide plaintiff with adequate care; and (3) Captain Ashworth and David Lipinski were administrative captains who were aware of plaintiff's mental health care needs, ignored these needs and treated him as a disciplinary problem instead. Under § 1983,

2

liability arises only through a defendant's personal involvement in a constitutional violation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). From plaintiff's allegations, it is reasonable to infer that each of the new defendants was personally involved with the alleged constitutional violations at the heart of this lawsuit. Accordingly, the amended complaint states a claim with respect to each of them.

Therefore, I will grant plaintiff's motion. The first amended complaint is the now the operative pleading in this case.

ORDER

Plaintiff Mark Marshall's amended complaint, dkt. #76, which I construe to include a motion to amend his complaint, is GRANTED. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's amended complaint and this order are being sent today to the Attorney General for service on the newly identified state defendants. The existing defendants may have until the same date that the newly added defendants have to file a response to the amended complaint.

Entered this 2nd day of July, 2003.

BY THE COURT:

Barbara B. Crabb
BARBARA B. CRABB
District Judge

3